# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re:<br>Davis et al.,<br><br>    Plaintiffs/Appellants,<br><br>    v.<br><br>Jerrold B. Carrington,<br><br>    Defendant/Appellant. | CAUSE NO.: 2:18-CV-417-HAB<br>Bankr. Case No. 17-21208-KL |

## OPINION AND ORDER

Creditors Albert Davis and A. F. Davis Law, PLLC (the "Davis Creditors") appeal a decision of the Bankruptcy Court in Jerrold B. Carrington's ("Debtor Carrington") Chapter 13 bankruptcy case. The Davis Creditors assert that the Bankruptcy Court erred when it concluded that their judgment lien on Debtor Carrington's marital property is not a present property right and should be treated as an unsecured claim. They maintain that Debtor Carrington's contingent future interest in the marital property has a present value, thereby entitling the Davis Creditors to a secured claim.

This Court has jurisdiction over the matters raised in this appeal pursuant to 28 U.S.C. § 158(a)(1). No issues of fact are raised on appeal. This Court will perform a de novo review of the challenged conclusions of law. *See In re Longardner & Assoc., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988).

# BACKGROUND

## A. The Consent Judgment

In August 2012, a final consent judgment in favor of Albert Davis and against Debtor Carrington was entered in resolution of litigation that Davis brought against Carrington in a federal court located in California. It stated:

> Judgment is hereby entered in favor of plaintiff Albert Davis and against Jerrold B. Carrington in the amount set forth below.
>
> Defendant Carrington shall pay to Mr. Davis in certified funds the sum of seventy-eight thousand dollars ($78,000) plus interest, 60% of which shall be made payable to Mr. Davis and 40% of which shall be made payable to A. F. DAVIS LAW within five (5) days of the entry of this Judgment; interest shall accrue at the rate of 10% from July 23, 2012 until the date Defendant Carrington fully pays Mr. Davis the entire amount of this judgment.

## B. Recording the Lien

In June 2013, Davis recorded the judgment with the Lake County Clerk and the Lake County Recorder of Deeds against Debtor Carrington's interest in property located on Forest Avenue in Gary, Indiana (the "Real Estate"). Davis began proceedings supplemental to collect on the judgment. Debtor Carrington did not make any payments toward satisfaction of the judgment.

## C. The Bankruptcy Proceedings

On May 1, 2017, Debtor Carrington filed a petition under Chapter 13 of the United States Bankruptcy Code. Debtor Carrington's wife was not included in the Chapter 13 petition. On August 8, 2017, the Davis Creditors timely filed their Proof of Claim for $104,700.28 (the "Davis Claim"). The Davis Claim was listed as secured based on the

California federal court judgment lien, and the recording of the lien with the Lake County Clerk's Office and the Lake County Recorder of Deeds.

Debtor Carrington filed an objection to the treatment of the Davis Claim as secured. Both sides submitted briefs and the Bankruptcy Court issued an order regarding the parties' stipulations and set a briefing schedule to address the issue of whether the Davis Claim is secured considering Indiana's treatment of tenancy by the entirety. Prior to submitting his brief on this issue, Debtor Carrington filed a Motion to Avoid Lien.

On October 25, 2018, the Bankruptcy Court entered the Memorandum, Opinion and Order holding that the contingent future interest held by Debtor Carrington in the marital property does not form the basis of a present lien and therefore the Davis Claim is currently unsecured. The Bankruptcy Court framed the issue before it as whether the federal judgment against Debtor Carrington was a judicial lien on the Real Estate that Debtor Carrington and his non-debtor spouse jointly owned as tenants by the entirety. The Bankruptcy Court found persuasive the analysis and conclusions of law by the court in *In Re Yotis*, 518 B.R. 481 (Bankr. N.D. Ill. 2018), noting that Indiana and Illinois law did not differ in any material respects regarding tenancy by the entirety. The *Yotis* court resolved a debtor's motion to avoid judicial liens where the debtor and his non-debtor spouse held title to their real estate as tenancy by the entirety. The court held that, while the judicial lien did not attach to the debtor's fee interest in the property that was presently held as tenants by the entirety, the judgment might attach to the contingent, future interest that tenancy by the entirety gives the debtor.

3

The Bankruptcy Court then determined that the severance of the tenancy is the point in which Debtor Carrington's interest becomes vested, such that, only then, could the Davis Creditors' federal court judgment lien affix to Debtor Carrington's interest. It thus concluded,

> Davis presently has no Secured <u>In Rem</u> judicial lien that presently affixes to the Real Estate as presently held by the Debtor and his non-debtor spouse based on their California Judgment versus the Debtor only. Thus, at this time of the entry of this Order the Claim of Davis is denied as being presently Secured and is presently allowed as an Unsecured <u>in personam</u> Claim.

(ECF No. 7-1 at 5.) The court determined that the value of the unsecured and liquidated *in personam* claim was $104,700.28, and that the contingent and future *in rem* secured judicial lien on the Real Estate had no present value.

It is this Order that the Davis Creditors appeal. The Notice of Appeal was timely filed on October 30, 2018.

## ANALYSIS

Neither party disputes that Debtor Carrington's interest in the Real Estate became property of Debtor Carrington's bankruptcy estate. *See Matter of Hunter*, 970 F.2d 299, 305 (7th Cir. 1992). Additionally, the Real Estate was properly characterized as a tenancy by the entirety, which created individual property interests for each spouse that could not be transferred or encumbered by either spouse acting alone. *See Matter of Paeplow*, 972 F.2d 730, 733 (7th Cir. 1992) (citing *Indiana v. Union Bank & Trust Co.*, 380 N.E.2d 1279, 1280 (1978)). Neither could a creditor execute on entirety property without first obtaining a judgment against both spouses. *Id.* (citing *Enloe v. Franklin Bank & Trust Co.*, 445 N.E.2d

4

1005 (Ind. Ct. App. 1983)); *see also Diss v. Agri Business Int'l. Inc.*, 670 N.E.2d 97, 99 (Ind. Ct. App. 1996). Absent consent of the spouse, a tenancy by the entirety may only be destroyed by the severance of the marital relationship. *Estate of Grund v. Grund*, 648 N.E.2d 1182, 1185 (Ind. Ct. App. 1995).

Debtor Carrington argues that the Bankruptcy Court's decision was correct because the Davis Creditors cannot do in bankruptcy what they would not have been able to do outside of bankruptcy. That is, because the Real Estate would have been exempt from the claim of non-joint creditors outside of bankruptcy, the bankruptcy cannot be used to elevate the claim to secured status.

The Davis Creditors assert that it was error for the Bankruptcy Court to place no value on the Davis Creditors' lien on Debtor Carrington's contingent future interest. They argue that "all legal or equitable *interests* of the debtor in property as of the commencement of the case" are pulled into the bankruptcy estate for the benefit of all creditors. 11 U.S.C. § 541(a)(1) (emphasis added). Additionally, pursuant to Indiana Code § 34-55-9-2, a judgment creates a "lien upon real estate . . . after the time the judgment was entered and indexed" extending until ten years "after the rendition of the judgment." *See Amici Res., LLC v. Alan D. Nelson Living Tr.*, 49 N.E.3d 1046, 1053 (Ind. Ct. App. 2016) ("[A] money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located.") (quoting *Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind. Ct. App. 2005)); *see also Needham v. Suess*, 577 N.E.2d 965, 967 (Ind. Ct. App. 1991) ("[A] money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket

5

in the county where the realty held by the debtor is located."). The Davis Creditors argue that their judgment lien attached to Debtor Carrington's interest in the property at the time the judgment was properly recorded, not, as the Bankruptcy Court found, at some point in the future.

The issue on appeal, in the broadest sense, is whether the claim of the Davis Creditors is secured for purposes of Debtor Carrington's Chapter 13 bankruptcy. To determine whether, and to what extent, a claim is secure, bankruptcy courts use the formula as expressed in 11 U.S.C. § 506(a)(1), entitled "Determination of secured status," which reads:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim.

The bankruptcy code defines a "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37)[1].

The existence of a lien is a matter of state law, as courts must look to state law to determine a debtor's property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). The "established general rule [is] that a judgment is a lien only upon the debtor's interest in the land." *Paxton v. Sterne*, 26 N.E. 557, 558 (Ind. 1891).

---

[1] "The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

Here, the lien was on Debtor Carrington's contingent future interest in the Real Estate. The Bankruptcy Court held that the interest "would affix thereto upon any future severance of the entireties Real Estate, whereby the Debtor may subsequently acquire sole title thereto by survivorship, or where he would have a joint interest therein as a tenant in common upon any subsequent severance." Only then might the judgment affix to what the Debtor had acquired. Thus, there was no existing *in rem* claim with any present value.

This Court does not agree, entirely. The lien could not attach to the property itself while it was held in the entirety. *See Mid-West Fed. Sav. Bank v. Kerlin*, 672 N.E.2d 82, 86 (Ind. Ct. App. 1996). But, as the parties all seem to recognize, the Davis Creditors properly recorded a judgment, which was necessary for the creation of a lien. Further, Debtor Carrington had an individual interest in the Real Estate, even if it was only a future contingent interest. That interest had entered the bankruptcy estate. In the course of the bankruptcy, the Davis Creditors filed a proof of claim for the amount of the judgment lien. Thus, they made a claim that was "secured by a lien on property in which the estate has an interest." 11 U.S.C. § 506(a)(1). By definition, then, the Davis Creditors have a secured claim within the bankruptcy proceeding—to the extent of the actual value of the collateral.

Although this approach may seem simplistic, there has been no adequate explanation why it is not accurate. Even if enforceability of the lien is dependent on the happening of the contingent, that does not make is any less a lien. *See Arend*, 737 N.E.2d at 1175 ("[W]hen a judgment has been entered and indexed, it is not a warning of a lien

7

to come, but it is from that very moment a judgment lien.") (citing *Muniz v. United States*, 155 N.E.2d 140, 148 (1958)). This lien is what bestowed the secured status to the creditor who obtained it prior to the initiation of any bankruptcy proceedings. Any arguments pertaining to exemptions or to avoidance of the lien go to separate inquiries.

The Seventh Circuit recently noted that there is no uniform approach to creditors' rights against the estate among jurisdictions that recognize tenancy by the entirety:

> A creditor's right to levy on a married person's property is complex, and varies by state and the type of debt and property. Every state allows satisfaction of a debt which has been jointly incurred by a husband and wife against jointly held property, even if that property is held in a tenancy by the entirety . . . . Some states allow the satisfaction of an individual spouse's debt against entireties property, but most do not.

*In re Jaffe*, — F.3d —, No. 18-2726, 2019 WL 3540420, at *3 (7th Cir. Aug. 5, 2019) (quoting Creditors' Rights Against Entireties Property In and Out of Bankruptcy, 1983 Ann. Surv. of Bankr. Law Part II (September 1983)). While that observation was pertinent to the creditors' rights of enforcement and to whether the debtor could obtain an exemption, there is no indication that it was intended to be a statement concerning a creditors' secured status.

Although it has found that the Davis Creditors have a secured claim, the Court takes no position on whether the nature of the interest in the Real Estate impacts whether that interest is exempt or whether the judgment lien may be avoided. Those are issues for the bankruptcy court.

## CONCLUSION

For the reasons stated above, the Court reverses and remands to the bankruptcy court for proceedings consistent with this Opinion and Order.

SO ORDERED on August 28, 2019.

 s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT